UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | ' | |
| v. | ' | CIVIL ACTION NO. ___ |
| Approximately 806 Tires and | ' | |
| Approximately 2,418 Tires,<br>Defendants. | ' | |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE
## IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem against the Defendant Properties.   The United States alleges on information and belief as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1355 and 1395. Venue is proper because the Defendant Properties were found and seized in the Southern District of Texas.

2.      For Defendant Property 1 (approximately 806 tires), officers with United States Customs and Border Protection ("CBP") at the Houston Seaport seized the shipment on April 21, 2021, in the Southern District of Texas. For Defendant Property 2 (approximately 2,418 tires), CBP Officers at the Houston Seaport seized the shipment on April 30, 2021, in the Southern District of Texas. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b).

## THE DEFENDANT PROPERTY

3.      The Defendant Properties are two separate shipments of imported tires of various

specifications, totaling approximately 806 tires ("Defendant Property 1") and approximately 2,418 tires ("Defendant Property 2"), collectively "Defendant Properties".

## **STATUTORY BASIS FOR FORFEITURE**

4.      This is a civil action in rem brought to enforce the provisions of 19 U.S.C. § 1595a which provides for the forfeiture "of any article which is being or has been introduced, or attempted to be introduced, into the United States contrary to law." 19 U.S.C. §1595a(c)(1)(A) further provides that "[m]erchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows: merchandise shall be seized and forfeited if it … is stolen, smuggled, or clandestinely imported or introduced[.]" The Defendant properties were introduced or attempted to be introduced into the United States contrary to 19 U.S.C. §§ 1481(a)(3), 1484(a)(1)(B), 1485(a)(3), and 18 U.S.C. § 542.

5.      19 U.S.C. § 1481(a)(3) provides in relevant part:

(a)      In general

All invoices of merchandise to be imported into the United States and any electronic equivalent thereof considered acceptable by the Secretary in regulations prescribed under this section shall set forth, in written, electronic, or such other form as the Secretary shall prescribe, the following:
…
(3)      A detailed description of the merchandise, including the commercial name by which each item is known, the grade or quality, ***and the marks, numbers, or symbols under which sold by the seller or manufacturer in the country of exportation***, together with the marks and numbers of the packages in which the merchandise is packed[.] [emphasis added]

6.      19 U.S.C. § 1484(a)(1)(B) provides in relevant part:

(a)      Requirement and time

(1)      Except as provided in sections 1490, 1498, 1552, and 1553

2

of this title, one of the parties qualifying as "importer of record" under paragraph (2)(B), either in person or by an agent authorized by the party in writing, shall, using reasonable care—

...

> (B) complete the entry, or substitute 1 or more reconfigured entries on an import activity summary statement, by filing with the Customs Service the declared value, ***classification and rate of duty applicable to the merchandise***, and such other documentation or, pursuant to an electronic data interchange system, such other information as is necessary to enable the Customs Service to—
>
> > (i) ***properly assess duties on the merchandise,***
> > (ii) collect accurate statistics with respect to the merchandise, and
> > (iii) determine whether any other applicable requirement of law (other than a requirement relating to release from customs custody) is met[.] [emphasis added]

7.    19 U.S.C. § 1485(a)(3) provides in relevant part:

> (a)    Requirement; form and contents

> Every importer of record making an entry under the provisions of section 1484 of this title shall make and file or transmit electronically therewith, in a form and manner to be prescribed by the Secretary of the Treasury, a declaration under oath, stating—
>
> ...
>
> (3)    That all other statements in the invoice or other documents filed with the entry, or in the entry itself, are true and correct;

8.    18 U.S.C. § 542 provides:

> Whoever enters or introduces, or attempts to enter or introduce, into the commerce of the United States any imported merchandise by means of any fraudulent or false invoice, declaration, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance, or makes any false statement in any declaration without reasonable cause to believe the truth of such statement, or procures the making of any such false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, whether or not the United States shall or may be deprived of any lawful duties; or

Whoever is guilty of any willful act or omission whereby the United States shall or may be deprived of any lawful duties accruing upon merchandise embraced or referred to in such invoice, declaration, affidavit, letter, paper, or statement, or affected by such act or omission—

Shall be fined for each offense under this title or imprisoned not more than two years, or both.

9.      The two Defendant Properties are subject to forfeiture pursuant to 19 U.S.C. § 1595a as articles or merchandise introduced into the United States contrary to law. Specifically, the Defendant Properties were introduced into the United States contrary to the statutory provisions of 19 U.S.C. §§ 1481(a)(3), 1484(a)(1)(B), 1485(a)(3), and 18 U.S.C. § 542.

## RELEVANT BACKGROUND

10.      Winland International, Inc. ("Winland") was incorporated in the state of Texas in 1997. Since that time, Winland has purported to sell tires to retailers and consumers. As part of its business, Winland imports tires from manufacturers in mainland China into the United States for sale to retailers and consumers. Winland conducts its business operations from within the Southern District of Texas, specifically from locations in Houston and Missouri City, Texas. Winland has also done business under the name of "Super Tire".

11.      At times relevant to this complaint, ZHENG "MIRANDA" ZHAO (ZHAO), directed and controlled the operations of Winland and Super Tire. ZHAO also resided in Missouri City, Texas, during her supervision of Winland. Additionally, during the same time frame, another individual, KUN "BRUCE" LIU (LIU), served as the Vice-President of Winland and Super Tire. LIU resided in Sugar Land, Texas.

12.      The principals of Winland, ZHAO and LIU, as well as six other business associates and/or agents of Winland, are currently under indictment in the Southern District of Texas for their

4

role in a decade-long scheme by Winland (and Super Tire) to avoid import duties on tires manufactured in mainland China and circumvent anti-dumping provisions regulating the importation of those tires as established by federal law and regulation. That indictment alleges violations of 18 U.S.C. § 1343, Fraud by wire, radio, or television, and 18 U.S.C. § 542, Entry of goods by means of false statements as part of the illegal tire importation scheme.   A copy of the indictment in that matter is attached as Exhibit 1.

13.     ZHAO and LIU, with Winland and twelve other individuals, are also current Defendants in a case pending in the Court of International Trade (CIT). The complaint in that matter alleges conduct that is the same or similar to both the conduct described in the criminal indictment and the conduct detailed in this civil forfeiture complaint. A copy of the complaint from matter pending in the CIT is attached as Exhibit 2.

14.     CBP also seized other similar shipments of tires imported by Winland in Newark, NJ; Mobile, AL; Charleston, SC; Savannah, GA; Atlanta, GA; and San Francisco, CA. Pursuant to Winland filing claims for the tires, CBP made forfeiture referrals of these related seizures to the local U.S. Attorney's Office in each of the relevant judicial districts.

15.     The antidumping duty (ADD) rate of tires at issue in this case and the other CBP seizures is also the subject of another matter pending in the CIT, recently remanded to the Department of Commerce for additional administrative proceedings. In that matter, Shandong New Continent Tire (not related to Shandong Haohua Tire) and its affiliated companies, initially received a calculated ADD zero rate in administrative proceedings with the Department of Commerce, which served as the basis for the rate assigned to other companies eligible for a separate rate, such as Shandong Haohua Tire. However, in later litigation of the other matter, the United States sought and received remand from the CIT back to the Department of Commerce

5

based on the discovery of new information, including inaccuracies in the reported sales prices on imports of passenger vehicles and light truck tires from China during the 2017-2018 period of review, and potential fraud based on significant undervaluation by affiliated companies of approximately $2.6 million lower than values initially submitted to Commerce. A copy of the CIT's Opinion and Order granting the remand is attached as Exhibit 3. As a result of those developments, it is expected that Winland will be obligated to pay ADD at a rate of 76.46% and Countervailing Duty ("CVD") at a rate of 30.61% once the proceedings on remand are complete.

## FACTS

16.     On December 31, 2020, Winland filed documents with CBP in support of the importation of two shipments of tires from China. Specifically, Winland submitted manifest and entry documents under CBP entry number E6F-00010989, which listed a shipment consisting of one container (MRKU2049071) containing 806 tires (Defendant Property 1), arriving on the vessel Maersk Ontario, voyage 48E, loaded in Qingdao, China. On the same date, Winland also submitted manifest and entry documents under CBP entry number E6F-00010997 which listed a shipment consisting of three containers (MSKU9516713, TEMU7079424, and PONU7995005) containing 2,418 tires (Defendant Property 2), arriving on the same Maersk vessel.

17.     In this instance, on the entry documentation for the shipments of tires that comprise the Defendant Properties, entry numbers E6F-00010989 and E6F-00010997, Winland stated that Riversun Industry Limited ("Riversun") was the actual manufacturer of the tires. See attached Exhibits 4 and 5.

18.     CBP targeted these shipments and placed them on hold for inspection due to Winland's known history of utilizing a scheme to avoid paying antidumping duties on imported tires by falsifying entry documents required by federal law and regulations. Upon inspection of

6

the Defendant Properties, CBP personnel observed that all the tires comprising the Defendant Properties bore Department of Transportation manufacturer code "1P". 1P is the manufacturer code belonging to Shandong Haohua Tire Company Limited ("Haohua"). This manufacturer code on the Defendant Properties indicates that the Defendant Properties were not manufactured by Riversun as claimed on the entry documentation.

19.     By falsely declaring Riversun as the manufacturer and exporter instead of Haohua, Winland attempted to get the benefit of Riversun's more favorable ADD rate and therefore avoid paying the correct amount of duty applicable to the Defendant Properties. Due to the false documentation submitted in support of each shipment in violation of federal law and regulations, CBP personnel seized both shipments. The shipment containing Defendant Property 1 (approximately 806 tires), was seized on April 21, 2021. The shipment containing Defendant Property 2 (approximately 2,418 tires), was seized on April 30, 2021.

20.     If the appropriate manufacturer for each of the Defendant properties had been declared, currently Winland would be obligated to pay import duties at a rate of 24.05% instead of 22.49%. Additionally, once the Department of Commerce finishes its review on the related rate case (described *supra*), Winland will be obligated to pay ADD at a rate of 76.46% and CVD at a rate of 30.61%. These false manufacturer declarations deprived the United States of $1,409.00 in import duties with a likely loss of revenue totaling $96,703.97 in lost ADD/CVD duties had CBP not discovered the false documentation submitted in support of the importation and identified the true manufacturer.

## CONCLUSION

21.     Winland submitted false documentation in support of the importation of the Defendant Properties. Winland did this to conceal the true manufacturer of the tires in an attempt

7

to avoid anti-dumping import duties established by federal law and regulations.

22.     Therefore, the two Defendant Properties are subject to forfeiture pursuant to 19 U.S.C. § 1595a as articles or merchandise introduced into the United States contrary to law. Specifically, the Defendant Properties were introduced into the United States contrary to the statutory provisions of 19 U.S.C. §§ 1481(a)(3), 1484(a)(1)(B), and 1485(a)(3).

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than 21 days after filing the verified claim.   The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be sent to the undersigned Assistant United States Attorney at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on the titled property owners and on any other persons who reasonably appear to be potential claimants.   The United States seeks a final judgment forfeiting the Defendant Properties to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,

8

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By:  s/ Yifei Zheng

YIFEI ZHENG
Assistant United States Attorney
Southern District of Texas No: 3328108
New York State Bar No: 5424957
800 N. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Tel. (361) 888-3111
Fax (361) 888-3200

9

## VERIFICATION

I, Lillian A. Imes, Supervisory Import Specialist with United States Customs and Border Protection, declare under the penalty of perjury, as provided by 28 U.S.C. §1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs sixteen through twenty of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation.   Those facts are true and correct to the best of my knowledge and belief.

Executed on the 18 day of January, 2022.

Lillian A. Imes
Supervisory Import Specialist
U.S. Customs and Border Protection

10